707 A.2d 467

IN THE MATTER OF MARYANN BAYKAL,
DEPARTMENT OF LABOR.

Superior Court of New Jersey
Appellate Division

Argued November 3, 1997—Decided March 9, 1998.

Before Judges SKILLMAN, EICHEN and BILDER.

*Mark K. Smith*, argued the cause for appellant Maryann Baykal (*Pellettieri, Rabstein & Altman*, attorneys; *Mel Narol* and *Mr. Smith*, of counsel and on the brief).

*Donald E. Catinello*, Deputy Attorney General, argued the cause for respondent Merit System Board (*Peter Verniero, Attorney General*, attorney; *Mary C. Jacobson*, Assistant Attorney General, of counsel; *Elizabeth M. Laufer*, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

SKILLMAN, J.A.D.

This appeal involves the interpretation of provisions of the Civil Service Act of 1986 (L.1986, c. 112) which authorize the creation of a senior executive service (SES) in the state civil service and of administrative regulations which govern this class of employee. Although this legislation was enacted more than a decade ago, the provisions relating to the SES have not been considered in any reported opinion.

The 1986 Civil Service Act established three classes of State civil service employees: career, *N.J.S.A.* 11A:3-2, SES, *N.J.S.A.* 11A:3-3, and unclassified, *N.J.S.A.* 11A:3-4. *N.J.S.A.* 11A:3-3 provides that the SES shall be comprised of not more than 1,200 employees who occupy "positions having substantial managerial, policy influencing or policy executing responsibilities." The SES may include both career and noncareer employees but "[t]he number of noncareer employees shall not exceed 15% of the entire senior executive service work force." *Ibid.* An employee who holds permanent career status in a position allocated to the SES may be appointed to that position, but only "with appointing authority approval." *Ibid.* "Permanent career service employees who opt not to join the [SES] or who do not receive approval to join the [SES] shall have the right to reinstatement to the career service to a level directly under the [SES]." *Ibid.*

The Legislature delegated authority to the Merit System Board (the Board) to determine which positions qualify for inclusion in the SES, *N.J.S.A.* 11A:3–1, and to "adopt rules providing for the selection, placement, transfer, development, compensation, separation and performance appraisal of [SES] employees." *N.J.S.A.* 11A:3–3. Pursuant to this authority, the Board has adopted rules which govern the assignment of positions to the SES, appointments to those positions, and the terms of employment within the SES. *N.J.A.C.* 4A:3–2.1 to 2.9.

Appellant Maryann Baykal formerly occupied the career position of Director of the Division of Disability Determinations in the Department of Labor. In this position, appellant had more than 400 employees under her supervision and was responsible for administering an annual budget of approximately \$34,000,000. Appellant's responsibilities included the management and coordination of the Division with respect to the adjudication of claims for disability payments filed pursuant to Titles II and XVI of the Social Security Act; the direction of management personnel in the establishment of policies, systems and standards to protect the solvency and integrity of the Social Security system; the formulation of Division policy with regard to the interpretation and implementation of State and Federal laws and policies; and the representation of the Department of Labor in its dealings with the Social Security Administration.

On February 7, 1995, the Commissioner of Labor sent a letter to the Commissioner of Personnel formally requesting the reallocation to the SES of the position of Director of the Division of Disability Determinations and three other positions under the Director. On February 21, 1995, the Merit System Board approved the reallocation to the SES of the positions of Director, Division of Disability Determinations, and Assistant Director, Disability Insurance.[1]

---

[1] The record does not indicate what action, if any, the Board took with respect to the two other positions which the Commissioner of Labor requested to be reallocated to the SES.

Appellant was given oral notification of the reallocation of her position to the SES. Shortly thereafter, appellant accepted a temporary assignment to work in the Division of Temporary Disability Insurance, and Arthur Spenser was appointed to serve as Acting Director of the Division of Disability Determinations.

On June 9, 1995, the Department of Labor posted a Notice of Job Vacancy for the position of Director, Division of Disability Determinations, in the SES. Appellant did not apply for this position or express any objection to the posting of the Notice of Job Vacancy.

On July 10, 1995, the Department of Labor requested the Department of Personnel to approve the appointment of Spenser to the position of Director, Division of Disability Determinations. On July 17, 1995, the Commissioner of Personnel approved the appointment, effective July 22, 1995.

On July 19, July 24, and August 1, 1995, officials of the Department of Labor met with appellant to discuss her employment rights as the non-appointed incumbent in the former career service position of Director, Division of Disability Determinations. When appellant failed to select any of the career service positions offered to her, the Department of Labor appointed her, effective August 4, 1995, to the position of Assistant Director, Unemployment Benefit Payments. In this new position, appellant continued to receive the same salary of $83,120.73 she had formerly received in the position of Director, Division of Disability Determinations.

On August 4, 1995, appellant sent a letter to the Department of Personnel requesting "interim relief" with respect to the reallocation from the career service to the SES of the position of Director, Division of Disability Determinations, and the appointment of Spenser to that position. On August 24, 1995, appellant sent another letter to the Department which she characterized as "a good faith appeal regarding my demotion resulting from the allocation of my permanent career position to SES." On August 29, 1995, appellant sent a third letter to the Department which argued that the reallocation of her position to the SES and the

appointment of Spenser to the position constituted a "demotion" within the intent of *N.J.A.C.* 4A:2–2.2(a) and consequently that she was entitled to a Preliminary Notice of Disciplinary Action and a hearing. The Department of Personnel treated these three letters as an appeal from the personnel actions of the Department of Labor affecting appellant.

On November 21, 1995, the Merit System Board issued a final decision with respect to appellant's appeal. The Board concluded that in view of the size, functions, and budget of the Division of Disability Determinations and the scope of the Director's responsibilities, the position had been correctly allocated to the SES. The Board found that "[f]or reasons unclear from this record, and although provided the opportunity to do so, appellant did not respond to the SES posting for the Director, Disability Determinations position." In addition, the Board concluded that appellant's claim that the Department of Labor had acted in bad faith in reallocating the position of Director, Disability Determinations, to the SES, and in not appointing her to that position or the proposed position of Director, Temporary Disability Insurance, should be rejected because it was not supported by any form of documentation or other evidence. Finally, the Board concluded that even though *N.J.S.A.* 11A:3–3 does not require "layoff procedures" to be followed "to effect the placement of a non-appointed incumbent in the career service," the position of Assistant Director, Unemployment Benefits Payments, was "the highest level layoff option available to the title Director, Disability Determinations."

On December 10, 1995, appellant submitted a request for reconsideration which sought "an administrative hearing to allow the production of witnesses who would demonstrate that the Department of Labor's use of the [SES] is pretextual and that [appellant] has been demoted without substantive or procedural due process." On February 27, 1996, the Board issued a supplemental decision denying appellant's request for reconsideration and reaffirming its prior conclusion that appellant had not demonstrated the existence

of any material issue of fact which required an evidentiary hearing.

After appellant filed a notice of appeal, we granted the Board's motion to supplement the record with documentary material which shows that the Board approved the Department of Labor's reallocation from the career service to the SES of eight additional positions on November 21, 1995, and fourteen more positions on April 16, 1996. Appellant accepted an appointment to one of these positions on July 6, 1996, and thus is currently a member of the SES.

On appeal, appellant argues that the Department of Labor's personnel actions affecting her were made in bad faith and consequently that her former position of Director, Division of Disability Determinations, must be returned to the career service. In the alternative, appellant argues that she is entitled to a hearing concerning her claims. Appellant also argues that even if her former position was properly reallocated to the SES, the Board erred in rejecting her claim to reinstatement rights to a higher position than Assistant Director, Unemployment Benefit Payments. We reject all of appellant's arguments and affirm the Board's final decision.

I

Appellant "does not dispute that there exists sufficient facts on the record to support the Merit System Board's decision allocating the title of [Director, Division of Disability Determinations] to the SES." Appellant also does not dispute Spenser's qualifications for this position, thus conceding that the Board's approval of his appointment was not arbitrary or capricious. However, appellant argues that the Department of Labor's request to reallocate the position to the SES and its subsequent personnel actions affecting her were made in bad faith. Appellant claims that the Department of Labor requested the reallocation of the position of Director, Division of Disability Determinations, from the career service to the SES as a means of removing her for "performance

related reasons" without complying with the procedures governing disciplinary proceedings set forth in *N.J.S.A.* 11A:2–13 and *N.J.A.C.* 4A:2–2.

In support of this claim, appellant relies upon her letter of August 29, 1995 to the Department of Personnel which alleged that:

> [O]n August 9, 1995, Commissioner Calderone told five managers of the Department of Labor at a focus group meeting, which was convened to discuss the concerns of managers about the nature of the Department's implementation of SES, that he had removed her for being uncooperative and for poor performance. He indicated he was under federal watch, and pressure from the union and a member of the legislature, and that he had no time to use the PAR system because of the length of time involved.

Appellant argues that because of these alleged bad faith reasons for the Department of Labor's request for the reallocation of her former position to the SES, the position should now be reclassified back to the career service and she should be reinstated. In the alternative, appellant seeks a remand to the Board for an evidentiary hearing.

We agree with the Merit System Board's conclusion that appellant's allegations do not provide a basis for the return of the position of Director, Division of Disability Determinations, to the career service or for an evidentiary hearing. Initially, we note that appellant's allegations as to what Commissioner Calderone said at the August 9, 1995 meeting are hearsay. Appellant does not allege that she attended the meeting or even that she received information concerning what was said at the meeting from someone who was there. Thus, there is no indication appellant could produce any competent evidence to support her allegations.

More fundamentally, even if Commissioner Calderone had made the comments which appellant attributes to him, it would not warrant invalidation of the transfer of the position of Director, Division of Disability Determinations, to the SES. The record clearly demonstrates that the position of Director of Disability Determinations involves "substantial managerial, policy influence or policy executing responsibilities," *N.J.S.A.* 11A:3–3, and that its

reallocation to the SES was consistent with the objectives of the Civil Service Act creating this new class of civil service employees. In addition, the record indicates that within a little over a year after the reallocation of appellant's position, the Department obtained the Board's approval for the reallocation to the SES of twenty-two other high level positions which were formerly within the career service. Thus, even if appellant's allegations regarding the Commissioner's motivations could be substantiated, this would show, at most, that the Commissioner selected appellant's former position as well as other high level positions in the Division of Disability Determinations as the first phase of a Department-wide plan to reallocate positions to the SES, because of his concerns about the performance of that Division and its Director. Although a decision whether to reallocate a position to the SES should be made on the basis of the responsibilities of the position rather than the performance of the incumbent career service employee, an objectively reasonable decision to reallocate a position is not subject to challenge on the ground that the incumbent's perceived deficiencies caused the department head to consider whether the position belongs in the SES. Moreover, the kinds of concerns about a high level managerial employee's performance which may focus attention on whether that employee's position belongs in the SES may fall far short of the performance deficiencies which would warrant disciplinary action.[2] Therefore, appellant failed to show any basis for disturbing the Department of Labor's comprehensive plan for the reallocation of high-level positions to the SES by ordering the return to the career service of solely the position of Director of Disability Determinations.

## II

Appellant also argues that even if her former position was properly reallocated to the SES, the Board erred in rejecting her

---

[2] We note that appellant was evaluated as performing "significantly above standards" in a June 16, 1994 performance evaluation and that she was not advised at any time of any dissatisfaction with her work performance.

claim to reinstatement rights to a higher position than Assistant Director, Unemployment Benefit Payments.

*N.J.S.A.* 11A:3–3 provides that career service employees who opt not to join the SES or who do not receive approval to join the SES "shall have the right to reinstatement to the career service to a level directly under the [SES]." The Board implemented this statutory directive by adopting rules which prescribe standards for placement of the non-appointed incumbent in a position reallocated to the SES in a career position. *N.J.A.C.* 4A:3–2.3(b). When appellant's former position was reallocated to the SES, this rule provided:

> A permanent employee holding a position allocated to the SES who is not selected to join the SES or chooses not to join the SES (referred to as a "non-appointed incumbent"), shall be placed in a career service position in the same department for which he or she is qualified.
>
> 1. The position shall be in the same salary level as the incumbent's permanent career service title, or, if no career service position remains in the department at that level, then, the next lower level at which there are career service positions in that department for which the non-appointed incumbent is qualified.
>
> 2. In the event of movement to a position with a lower salary level, the non-appointed incumbent shall be placed at the closest lower step. The department head may, in his or her discretion, recommend to the Commissioner placement of a non-appointed incumbent at a salary higher than this minimum standard.
>
> [20 *N.J.R.* 850 (April 18, 1988).]

Appellant argues that by construing this rule to require only positions which are vacant or held by provisional employees to be made available to non-appointed incumbents, the Board created a "potential risk that a non-appointed incumbent could be placed in a title significantly lower than that which he would have been placed if displacement rights were afforded." However, the Board specifically addressed this issue during the pendency of this appeal by amending *N.J.A.C.* 4A:3–2.3(b) to permit a non-appointed incumbent to exercise layoff rights to the extent required to preserve his or her "right to reinstatement to the career service to a level directly under the [SES]." *N.J.S.A.* 11A:3–3. *N.J.A.C.* 4A:3–2.3(b)(5) now provides that if there is no position available to a non-appointed incumbent which is vacant or occupied by a provisional employee, and the agency and employee are unable to

agree upon any of the optional appointments set forth in *N.J.A.C.* 4A:3–2.3(b)(4), the "[l]ayoff procedures [set forth in *N.J.A.C.* 4A:8] shall be utilized." [3]

Although the amendment to *N.J.A.C.* 4:3–2.3(b) was not adopted until after appellant was assigned to the position of Assistant Director, Unemployment Benefit Payments, the Merit System Board concluded that this position was "the highest level layoff option available to the title Director, Disability Determinations." This conclusion must be accepted unless it "lacked fair support in the evidence, or ... violated legislative policies expressed or implicit in the civil service act." *Campbell v. Department of Civil Serv.,* 39 *N.J.* 556, 562, 189 *A.*2d 712 (1963). Appellant has not cited any administrative regulation or other authority to support her contention that layoff rights under *N.J.A.C.* 4A:8 would include a right of appointment to a position such as Director,

---

[3] The pertinent subsections of the current *N.J.A.C.* 4:3–2.3(b) provide:

3. The appointing authority shall use the following procedures to effect the placement of the non-appointed incumbent:

i. Reassign the employee to a vacant position;

ii. Separate a provisional employee without underlying career status and reassign the non-appointed incumbent to the position; or

iii. Return an employee, serving provisionally in the highest permanent title held by the non-appointed incumbent, and reassign the non-appointed incumbent to the permanent title vacated by the provisional employee.

4. The organizational unit and the non-appointed incumbent may agree to use the following optional procedures:

i. The non-appointed incumbent may accept an appointment to another title at the same or lower class code, in the same or different title series for which the employee is qualified in the same or another organizational unit.

ii. The career status and compensation rights of the non-appointed incumbent shall be determined in accordance with the rules governing voluntary demotion. See N.J.A.C. 4A:4–7.8.

iii. If the organizational unit offers the non-appointed incumbent options under either (b)3 or 4 above, the employee may accept either option.

iv. If the organizational unit offers only the option under (b)3 above, the non-appointed incumbent shall accept that option.

5. Layoff procedures shall be utilized when the organizational unit cannot effect the placement of a non-appointed incumbent under (b)3 or 4 above. See N.J.A.C. 4A:8.

Workplace Standards, or Director, Office of Policy and Planning, which was encumbered by a career incumbent who was serving in a higher level unclassified position pursuant to a leave of absence. In any event, shortly after appellant's former position was reallocated to the SES, these positions also were reallocated to the SES, and appellant has failed to show that she would have received a higher salary or any other additional benefits if she had been temporarily assigned to one of those positions during the interim period between her appointment as Assistant Director, Unemployment Benefit Payments, and the reallocation of those positions. Therefore, even if the current version of *N.J.A.C.* 4A:3–2.3(b) had been in effect when appellant's former position was reallocated to the SES, she would not have been entitled to appointment to a higher level position.

Finally, appellant's argument that the Department of Labor violated her rights by failing to undertake steps to create the position of Director, Temporary Disability Insurance, and to appoint her to that position, is clearly without merit. Whatever appellant's superiors may have said to her about their future plans for creation of such a position would not constitute an enforceable promise. *Cf. Walsh v. State, Dept. of Public Advocate,* 147 *N.J.* 595, 689 *A.*2d 131 (1997), *rev'g on dissent,* 290 *N.J.Super.* 1, 13–17, 674 *A.*2d 988 (App.Div.1996). Moreover, the creation of this new position would have been subject to the approval of the Department of Personnel. *N.J.S.A.* 11A:3–1; *N.J.A.C.* 4A:3–3.3(b). In any event, even if this position eventually had been created, it undoubtedly would have been allocated to the SES in conformity with the Department's current policy to assign all high ranking managerial and policy positions to the SES. Appellant's further contention that the purpose of her temporary assignment to the Division of Temporary Disability Insurance was to induce her not to participate in the SES selection process for the position of Director of Disability Determinations was not presented to the Merit System Board and hence is not properly before us. *See Nieder v. Royal Indem. Ins. Co.,* 62 *N.J.* 229, 234, 300 *A.*2d 142

(1973).   In addition, there is no evidence which would support such a finding.

Affirmed.